1  MELISSA W. KASNITZ (SBN: 162679)
   KEVIN KNESTRICK (SBN: 229620)
2  DISABILITY RIGHTS ADVOCATES
   449 15th Street, Suite 303
3  Oakland, CA 94612
   Telephone: (510) 451-8644
4  Facsimile: (510) 451-8511
   TTY: (510) 451-8716
5
   Attorneys for Plaintiffs
6
   MICHAEL D. BRUNO (SBN: 166805)
7  BRIAN P. MASCHLER (SBN: 111824)
   GORDON & REES LLP
8  Embarcadero Center West
   275 Battery Street, Suite 2000
9  San Francisco, CA 94111
   Telephone: (415) 986-5900
10 Facsimile: (415) 986-8054
   bmaschler@gordonrees.com
11
   Attorneys for Defendant
12
                    UNITED STATES DISTRICT COURT
13
                   CENTRAL DISTRICT OF CALIFORNIA
14
15  GREATER LOS ANGELES AGENCY ON )   CASE NO. CV04-4187 DDP VBKX
    DEAFNESS, INC. ("GLAD"), and LISA )
16  AIELLO,                          )   **CONSENT DECREE AND ORDER**
                                     )
17                      Plaintiffs   )
                                     )
18            vs.                    )
                                     )
19  BURBANK-GLENDALE-PASADENA        )
    AIRPORT AUTHORITY,               )
20                                   )
                        Defendant.   )
21                                   )
                                     )
22                                   )
                                     )
23
24
25
26
27
28

CONSENT DECREE AND ORDER                    Case No. CV-04-4187DDP

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

**RECITALS**

1.    On or about June 13, 2004, plaintiffs Greater Los Angeles Agency On Deafness, Inc. ("GLAD") and Lisa Aiello (collectively, "Plaintiffs") commenced a civil action in the United States District Court for the Central District of California, Case No. C-04-4187 DDP (the "Lawsuit"), against defendants Burbank-Glendale-Pasadena Airport Authority (the "Airport Authority" or "Defendant") and Dios Marrrero, in his official capacity as Executive Director of the Bob Hope Airport (formerly known as the Burbank-Glendale-Pasadena Airport and commonly referred to as the Burbank Airport),[1] alleging, *inter alia*, discrimination in violation of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132, *et seq.* ("ADA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.* ("Section 504"), and California Civil Code §§ 51, and 54, *et seq.*, regarding access to the Airport to deaf and hard of hearing people. Plaintiffs alleged in the lawsuit that the Airport Authority had failed to provide equal access to its deaf and hard of hearing patrons by failing to provide to them certain items and services which, they claimed, would facilitate access, including, but not limited to, (a) additional public TTY telephones; (b) visual information monitors with information that is accessible to deaf and hard of hearing persons; (c) an intra-airport communication system that would enable deaf and hard of hearing travelers to make inquiries of airport personnel and/or be directed to appropriate staff at airlines doing business in the Airport; (d) printed or otherwise visually transmitted instructions at designated locations in the Airport; and (e) an interpreting service or interpretation facility that permits communication with members of the deaf and hard of hearing community.

2.    Plaintiffs initially filed this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. However, no class has ever been certified in the Lawsuit, and Plaintiffs and Defendant have agreed that the Lawsuit would not proceed on a class basis. Accordingly, this Settlement Agreement is by and between only the parties named herein.

---

[1] By the parties' Stipulation and Agreement, Mr. Marrero was voluntarily dismissed from the Lawsuit.

-1-

3.      Defendant denies any and all liability to Plaintiffs and denies that it has violated any laws pertaining to access to deaf and hard of hearing persons, including without limitation the ADA, Section 504 and the regulations promulgated thereunder, and California Civil Code sections 51 and 54.

4.      In March 2005, the parties entered into a Joint Expert Agreement, under which they agreed to retain a joint and neutral expert to evaluate and make recommendations on the accessibility of the Airport to deaf and hard of hearing persons.  In entering into the Joint Expert Agreement, the parties understood and agreed that the use of the joint expert would assist the parties in resolving the Lawsuit.

5.      Plaintiffs and Defendant, and each of them, now desire to resolve their differences and disputes by settling this Lawsuit in such a manner as to maintain and improve access to deaf and hard of hearing persons to the Airport's programs, services and activities.

## DEFENDANT'S DENIALS AND NO ADMISSION OF LIABILITY

6.      By entering into this Consent Decree, Order and Judgment, Defendant in no way admits to any liability whatsoever.  In this regard, the parties enter into this Consent Decree, Order and Judgment to resolve amicably all aspects of the Lawsuit without the need for further protracted litigation and to resolve all allegations raised in the Complaint on file herein.  The parties agree that resolution of these matters without further litigation is in the public interest and that entry of this Order is the most appropriate means of resolving these matters.  Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law.

## SETTLEMENT OF ONGOING LITIGATION

7.      This Consent Decree and Order shall be a full, complete and final disposition and settlement of all of Plaintiffs' claims that have arisen or may arise out of the Complaint with respect to the Lawsuit, including without limitation claims relating to access to deaf and hard-of-hearing persons to programs, services and activities of the Airport.

8.      The Parties jointly request that, following entry of the Consent Decree, Order and Judgment set forth herein, the Court enter final judgment with respect to the Lawsuit, including

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

-2-

CONSENT DECREE AND ORDER                    Case No. CV-04-4187DDP

1   without limitation claims relating to access to deaf and hard-of-hearing persons to the programs,

2   services and activities of the Airport.

3          9.    The Court shall retain jurisdiction of this action to enforce the provisions of this

4   Consent Decree and Order for three (3) years from the date of this Order.

5          WHEREFORE, Plaintiffs and Defendant hereby agree and stipulate to the Court's entry

6   of this Consent Decree and Order, which provides as follows:

7                          **INJUNCTIVE RELIEF**

8          10.   Defendant agrees, within the deadlines specified herein, to adopt, institute and/or

9   maintain the following initiatives and measures with respect to providing access to deaf and hard

10  of hearing persons at the Airport:

            a.    <u>Posting of Information Regarding Access to Deaf and Hard-of-Hearing
                  Persons.</u>

                  The Airport Authority will provide printed (and/or otherwise visually

                  readable) information on site regarding:

                  i.    The locations of visual paging boards and monitors (*see* Paragraph
                        10(d), below);

                  ii.   The locations of TTYs (public telephones) and the dial-in numbers
                        to reach the Airport's Central Communications Center;

                  iii.  Procedures for using the available Video Relay Service ("VRS");

                  iv.   Procedures for requesting a sign language interpreter;

                  v.    Airport security issues (promulgated by the Transportation Safety
                        Administration ("TSA"); *see* Paragraph 10(e) below).

            This information will be made available at the Airport's Information Center (the

            location of which is identified in Exhibit A).  In addition, the Airport will post this

            information on its web site: (www.burbankairport.com).

            The posting of this information at the Airport's Information Center will be

            completed within six (6) months after the Court's entry of the Consent Decree and

            Order.

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

-3-

CONSENT DECREE AND ORDER                    Case No. CV-04-4187DDP

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

b.    Airport TTYs and Public Payphones

    i.    Within six (6) months after the Court's entry of the Consent Decree and Order, the Airport Authority will increase to at least nine (9), the number of TTYs on-site. The locations of these TTYs, which are identified in Exhibit A hereto, also will be identified in hand-outs available at the Information Center and on the Airport's web site. In accordance with the ADA's Accessibility Guidelines (in particular, Sections 10.4.1(iv) and 4.3.1(ix)), certain of these TTYs are or will be installed next to public payphones at the Airport.

    ii.    The Airport Authority warrants that these public payphones are equipped with volume control devices and with information on the telephones on how to use the volume control devices.

    iii.    The TTYs that the Airport Authority will install and maintain pursuant to this Agreement will provide dial-out information for TTY users, as well as the TTY number for the Airport's Central Communications Center. The Airport's Central Communications Center staff shall maintain an up-to-date list of the TTY numbers of the airlines serving the Airport that pertain to all of those airlines' TTY contacts, including but not limited to airlines' TTY numbers for general information, flight information, ticketing, and lost baggage, when available. Said Airport staff shall be trained in, *inter alia*, how to refer TTY-users to the appropriate airline-sponsored TTY number when they are presented with airline-specific inquiries.

c.    Signage:

    The Airport will mark the locations of TTYs with signage at the Airport and in the terminal maps. These terminal maps will be available both at the Airport's Information Center and on the Airport's web site. The locations of the signs are identified in Exhibit A hereto. The signs will be installed within six (6) months after the Court's entry of the Consent Decree and Order.

d.    Visual Information Monitors

    i.    Within two (2) years of the entry of the Consent Decree and Order, the Airport Authority will install four (4) visual information monitors--two monitors in Terminal A and two monitors in Terminal B of the Airport. These visual monitors will communicate the recurring information regarding security measures, passengers' need to hold on to their baggage, etc., that is broadcast over the Airport's public address system. In addition, in the event of an Airport emergency, the visual information monitors will display emergency instructions.

-4-

ii.   The locations of these visual information monitors will be identified at the Airport's Information Center and in signage located in the Airport, and also will be posted on the Airport's web site.

iii.  The information that will be communicated over the Airport's visual information monitors will not include airline-specific information with respect to flight arrivals and departures, boarding instructions, delays and cancellations, etc. The Airport does not provide that information to passengers and visitors at the Airport, and does not broadcast such information over its public address system. However, as noted above, if deaf or hard of hearing persons have questions about airline-specific issues and contact the Airport Central Communication Center via TTYs regarding same, the Communication Center personnel will attempt to transfer the TTY-user to the appropriate TTY phone line of the airline in question.

e.   Information Regarding Airport Security:

Security measures and procedures in the Airport and accommodations for persons with disabilities relating to same are the responsibility of the TSA. Nonetheless, the Airport Authority will provide at its Information Center and post on its web site already-existing, published information regarding travel tips for persons with disabilities. In addition, at its Information Center and in the "Related Links" referenced in its web site, the Airport Authority will make available the already-existing TSA guidelines on getting through security checkpoints when the passenger has a hearing disability or impairment.

f.   Sign Language Interpreting Services:

Within one (1) year of the entry of the Consent Decree and Order, the Airport Authority will:

i.    make video relay service ("VRS") available to Airport Patrons at the Airport Information Center, and at designated locations beyond the passenger screening areas in Terminal A and Terminal B; and

ii.   enter into an arrangement with a local sign language interpreting service so that, in the exceptional circumstance in which VRS does not meet the needs of particular deaf or hard-of-hearing Airport patron, interpreters can be made available to that person upon request, with reasonable notice.

CONSENT DECREE AND ORDER                                    Case No. CV-04-4187DDP

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

g.   Training:  Sign Language Interpreting Services:

The Airport Authority will provide to its personnel whose job responsibilities and functions include interacting with deaf or hard-of-hearing Airport patrons, training regarding procedures for using VRS and for arranging for sign language interpreters.  The Airport also will post information regarding the availability of VRS together with instructions on how to use VRS at its Information Center and on its web site.  The Airport Authority also will post information regarding sign language interpreters.

h.   Training:  Needs of Deaf and Hard-of-Hearing Persons:

The Airport Authority will provide to its personnel whose job responsibilities and functions include interacting with deaf or hard-of-hearing patrons, training once a year for the duration of this agreement regarding the needs of deaf and hard of hearing travelers and airport visitors.  GLAD agrees that it or an affiliate will provide this training to the Airport Authority free of charge.  The Airport agrees to pay the reasonable costs of interpreters for the trainings.

i.   Maintenance: Access Features

The Airport Authority agrees to use its best efforts to maintain the access features addressed in this Consent Decree to ensure that these features are in fully operating condition.  Accessibility features shall be repaired promptly when they are damaged or out of order.  When an accessibility feature is not functioning properly, the Airport Authority agrees to reasonably accommodate anyone who would otherwise use the feature.

## AIRPORT AUTHORITY'S PROGRESS REPORTS

11.   Within six (6) months of the entry of the Consent Decree and at least one every six months during the duration of the Agreement or until all of the items of injunctive relief specified in paragraph 10, above, have been completed, the Airport shall provide Plaintiffs'

-6-

1   counsel with a written report outlining the status of said injunctive relief items. Said report will

2   specify, *inter alia*, which projects called for in the Agreement have been completed and when.

3   In the even that a particular project called for in the Agreement is not completed within the time

4   period specified herein, or the Airport Authority anticipates that the completion date(s) will not

5   be met in the future, the Airport Authority will so indicate in these periodic reports, explain the

6   reasons for the delay(s), and provide its best estimate of when the item(s) in question will be

7   completed. In addition, if in an interim period between reports factors come to light which will

8   jeopardize the timely completion of undertakings called for in the Agreement, the Airport

9   Authority will promptly notify plaintiffs' counsel.

## DAMAGES AND ATTORNEYS' LITIGATION EXPENSES AND COSTS

11       Defendant shall pay to Plaintiffs GLAD and Lisa Aiello, collectively, the sum of Four

12   Thousand Dollars ($4,000), which includes payment for all alleged damages (including, but not

13   limited to physical injuries). Defendant agrees to pay the sum of Sixty Eight Thousand Dollars

14   ($68,000) for Plaintiffs' attorneys' fees, litigation expenses, and costs. Said sum shall

15   encompass any and all attorneys' fees and costs incurred in connection with plaintiffs' counsel's

16   monitoring of the Airport Authority's compliance with this Agreement.

17   Said payments are to be made payable to Disability Rights Advocates no later than thirty (30)

18   days from the date the Court has entered this Consent Decree, Order and Judgment.

## ENTIRE CONSENT DECREE AND ORDER

20       12.    This Consent Decree and Order, and Exhibit A attached, constitute the entire

21   agreement between the parties on the matters of injunctive and declaratory relief, damages,

22   attorneys' fees and all other remedies and relief sought in the Lawsuit and no other statement,

23   promise, or agreement, either written or oral, made by any of the parties or agents of any of the

24   parties, that is not contained in this written Consent Decree and Order, shall be enforceable

25   regarding the matters described herein.

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

-7-

CONSENT DECREE AND ORDER                Case No. CV-04-4187DDP

## CONSENT DECREE AND ORDER BINDING ON PARTIES
## AND SUCCESSORS IN INTEREST

13.     Concerning the injunctive and monetary relief described herein, this Consent Decree and Order shall be binding on Plaintiffs GLAD and Lisa Aiello and on Defendant the Airport Authority, and on any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree.

## TERM OF CONSENT DECREE AND ORDER

14.     This Consent Decree and Order shall be in full force and effect through three (3) years from the date of its entry by the Court. The Court shall retain jurisdiction of this action to enforce and interpret provisions of this Order and Decree until such time as it expires by its terms.

## DISPUTE RESOLUTION PROCEDURES

15.     In the event that a dispute arises between the parties concerning the interpretation of or compliance with this Consent Decree and Order, the parties and their counsel shall undertake in good faith to resolve such a dispute through negotiation. If such negotiations do not resolve the dispute, and/or 30 days have elapsed since such negotiations were commenced, either party may notify the other that the parties are at an impasse and that, some form of alternative dispute resolution is necessary. The parties then may jointly elect to submit the dispute to a mediator. In the alternative, the parties may elect to submit the matter to the Court or an arbitrator for resolution. Plaintiffs and defendants reserve all rights to petition the Court or arbitrator for preparing party fees and costs available under the law and in equity.

## SEVERABILITY

16.     If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

-8-

CONSENT DECREE AND ORDER                                    Case No. CV-04-4187DDP

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

## MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542

17. Except for all obligations required in this Consent Decree and Order, each of the parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, damages, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the claims, issues or allegations raised by this Lawsuit, including without limitation, claims relating to access to deaf and hard-of-hearing persons to the Airport's programs, services, and activities.

18. Each of the parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit and the claims and issues raised therein which are unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the parties intend that this Consent Decree and Order apply to all such further loss with respect to the claims, issues or allegations raised by this Lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree and Order with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

///

-9-

CONSENT DECREE AND ORDER                        Case No. CV-04-4187DDP

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

## SIGNATORIES BIND PARTIES:

19.    Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Settlement Agreement and Consent Decree may be signed by the parties in counterparts.

Dated: July 14, 2006                    DISABILITY RIGHTS ADVOCATES

By: _____
       KEVIN KNESTRICK
       Attorneys For Plaintiffs GLAD and LISA AIELLO

Dated: July 31, 2006                    GORDON & REES LLP

By: _____
       BRIAN MASCHLER
       Attorneys for Defendant BURBANK-GLENDALE-PASADENA AIRPORT AUTHORITY

## ORDER

Pursuant to Stipulation, and for good cause shown, IT IS SO ORDERED. The Clerk shall close the file, subject to being reopened on motion to enforce the provisions of the Consent Decree.

Dated: August 9, 2006

_____
HON. DEAN D. PREGERSON
U.S. DISTRICT JUDGE

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

-10-

CONSENT DECREE AND ORDER                    Case No. CV-04-4187DDP

BBNK\1019370\960254.1

SCANNED



SCANNED

TYPICAL PAGING MONITOR SIGNAGE ◀

☐ PAGING MONITOR ◀

RIGHT HAND ARROW - GATES A1, A2, A3, B1, B2, B3
LEFT HAND ARROW - GATES A5, A6, A7, A8, A9, B4, B5

Ticketing For:
Alaska
America West
American
Jet Blue
Southwest

Terminal A Ticketing

Terminal A
Baggage Claim

Ticketing For:
Delta
United
Car Rental

Terminal B
Baggage Claim
B1

Terminal B

Gate B2
Gate B3
Gate B4
Gate B5

☐ INN COMMUNICATION CENTER
OPERATIONS TOWER 6th FLOOR

Ground
Transportation

TERMINAL MAP

AIRPORT LEGEND

☐ Airport Entrance/Exit
⊗ ATM
☒ Cocktails
EXIT Emergency Exit
☐ Food & Drink
☐ Gift Shop/News
☐ Hotel/Motel Phone Center

☐ Lost & Found
☐ Phones
☐ TTY Telephone
☐ Rental Cars
☐ Restroom
☐ Shoeshine
☐ Paging Monitor
☐ Information Kiosk

Terminal A Gates

Gate A1
Gate A2
Gate A3
Gate A4
Gate A5
Gate A6
A7
A8 Gates
A9

INFORMATION KIOSK
TERMINAL A
TICKET LOBBY

☒ INFORMATION KIOSK
FOR TERMINAL B GATES
TERMINAL A
TICKET LOBBY

☒ INFORMATION KIOSK ◀
FOR TERMINAL A GATES
TERMINAL A
TICKET LOBBY

TYPICAL INFORMATION KIOSK SIGNAGE ▶

PROJECT:
PAGING MONITOR &
INFORMATION KIOSK

SHEET TITLE:
LOCATION PLAN